**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Lee Es Burgeles, | ) | No. CV-08-0680-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| The Honorable Janet Napolitano, Governor of Arizona, etc., | ) ) ) | |
| Defendants. | ) | |

On April 10, 2008, the undersigned ordered Plaintiff to, among others, "file an Amended Complaint on or before **Friday, April 25, 2008** that complies in all aspects with [that] Order, Rule 8(a), FED.R.CIV.P., and the Local Rules of Practice or this lawsuit may be dismissed without prejudice." (docket # 4 at 6)  The Court also directed that the Amended Complaint "shall set forth an independent basis for federal jurisdiction of Plaintiff's case . . . [and] Plaintiff is forewarned that failure to allege an independent basis for federal jurisdiction of this case may result in the dismissal" of this case without prejudice pursuant to Rule 12(h)(3), FED.R. CIV.P. *Id*. at 4 (footnote omitted)  In fact, footnote 3 gave *pro se* Plaintiff examples of claims for which a federal court would have jurisdiction. *Id*.

On May 1, 2008, Plaintiff expressly consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. 636(c).  (docket # 5)

1  On May 13, 2008,[1] the Court ordered Plaintiff to show cause in writing on or before 5:00 p.m. on May 19, 2008 why this lawsuit should not be dismissed without prejudice due to the absence of federal jurisdiction and non-compliance with the Court's April 10, 2008 Order.  (docket # 6 and # 7)

To date, Plaintiff has failed to file an Amended Complaint, indicating the specific basis for federal jurisdiction of this lawsuit. Instead, on May 20, 2008, Plaintiff filed a 7-page document entitled, "**NOTICE OF MOTION:** Society retaliation for own justified effected to justice court and failed leadership," containing 7 pages of exhibits. (docket # 8)   It is very difficult to understand this nonsensical document.  Fairly read, overlooking its untimeliness, and even construing Plaintiff's pleading to a less stringent standard than formal pleadings drafted by lawyers, Plaintiff's recent filing is clearly not an Amended Complaint in compliance with Rule 8, FED.R.CIV.P., nor is it responsive to the Court's detailed April 10, 2008 Order and May 13, 2008 Order to Show Cause. Clearly, no basis, statutory or otherwise, for federal jurisdiction is set forth in Plaintiff's May 20, 2008 pleading nor does it affirmatively appear in his earlier pleadings.

As the Court made plain to Plaintiff in its April 10, 2008 Order, a federal district court is a court of limited jurisdiction, and the burden of establishing jurisdiction is on the party claiming jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936). (see docket # 4)  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir.1992) (quoting *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989)). "A [district] court has an obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no

---

[1] It was originally entered on May 5, 2008 but due to a typographical error ("Defendant" in stead of "Plaintiff"), an Amended Order was entered on May 13, 2008 extending the time for Plaintiff to comply with the original order.

1 further if such jurisdiction is wanting." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665
2 (9th Cir. 2003).

3       Besides the absence of pleading an express basis for the exercise of federal
4 jurisdiction, additional grounds also exist to dismiss Plaintiff's lawsuit. Since Plaintiff is
5 appearing to either appeal a state court case or an open, non-final state case to federal
6 court, the *Rooker- Feldman* and *Younger* doctrines counsel dismissal without prejudice of
7 Plaintiff's federal lawsuit.

8       The *Rooker- Feldman* doctrine examines whether a federal district court has
9 jurisdiction to review the final decisions of state courts. District courts generally lack the
10 authority to review state judgments pursuant to 28 U.S.C. § 1257, since only the United
11 States Supreme Court has such jurisdiction. *Rooker v. Fidelity Trust Co*., 263 U.S. 413,
12 415 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The
13 *Rooker-Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction
14 over a proceeding in "which a party losing in state court" seeks "what in substance would
15 be appellate review of the state judgment in a United States district court, based on the
16 losing party's claim that the state judgment itself violates the loser's federal rights. *Doe v.*
17 *Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) ("In simple terms, '[u]nder *Rooker-Feldman*,
18 a federal district court is without subject matter jurisdiction to hear an appeal from the
19 judgment of a state court.'").

20       The Ninth Circuit has very recently confirmed "that '[t]he clearest case for
21 dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as
22 a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a
23 state court judgment based on that decision." *Reusser v. Wachovia Bank, N.A.*, ___ F.3d
24 ___, 2008 WL 1970349, * 2 (9th Cir. 2008). "A federal action constitutes such a *de facto*
25 appeal where 'claims raised in the federal court action are inextricably intertwined' with
26 the state court's decision such that the adjudication of the federal claims would undercut
27 the state ruling or require the district court to interpret the application of state laws or
28

- 3 -

1 procedural rules.' " *Id.* at * 3 (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings" and held that a federal court should not enjoin pending state criminal proceedings and, therefore, should abstain from hearing the suit. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) (citation omitted). "Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Id.* The *Younger* principle applies to both criminal and civil proceedings in which important state interests are involved. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 367-68 (1989); *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 13 (1987).

Dismissal of a complaint for failure to comply with the procedural rules of the court is within the court's discretion. *Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2nd Cir. 1943); *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837 (9th Cir. 2000). Moreover, district courts have the inherent power to control their dockets and in the exercise of that power may impose sanctions including, where appropriate, dismissal of a case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order, district courts must weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 1260-61.

After considering and weighing all five factors to determine if dismissal is appropriate for Plaintiff's failure to comply with Rules 8(a) and 12(h)(3), FED.R.CIV.P., and this Court's April 10, 2008 and May 13, 2008 Orders and also considering the

- 4 -

1  *Rooker-Feldman* and *Younger* doctrines, the Court concludes that dismissal of Plaintiff's
2  Complaint without prejudice is appropriate and just under the circumstances.
3      Accordingly,
4      **IT IS ORDERED** that Plaintiff's Complaint is hereby dismissed without
5  prejudice.
6      Dated this 21st day of May, 2008.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge